HAWTHORNE, Justice (dissenting).
I disagree with the majority opinion because it is my view that the will is invalid as to form, since it is not wholly written, dated, and signed by the testator. The words “to be disposed and administered according to my typed instructions” cannot be disregarded or considered as not written. I do not consider these words to be precatory in nature. Precatory suggestions address themselves to the conscience of the donee or legatee and are mere requests or suggestions. The words “to be disposed and administered” are directory and mandatory in tenor, and reference has to be made to the typed instructions to ascertain what disposition is intended.
In Succession of Reilly, 136 La. 347, 67 So. 27, 30, cited and relied on in the majority opinion, it is pointed out that “ * * * a bequest to one person for the benefit of another embodies either a substitution, which annuls the entire bequest, or only a fidei commissum, in which the stipulation pour autrui is reputed not written * *.”
In the instant case, to determine whether the bequest to Father Miller was a fidei commissum or a prohibited substitution the majority of the court had to consider and refer to the typed instructions themselves, which provide that the sum of $3600.00 entrusted to the care of Father Miller constitutes a fund in trust to be dispensed to the testator’s brother wisely and in accordance with his needs, etc., and the majority had to conclude that the instructions constitute a fidei commissum and not a prohibited substitution in order to strike from the will and consider as not written the words “to be disposed and administered according to my typed instructions”. How can it be determined whether the disposition of the testator constituted a prohibited substitution or a fidei commissum except by reference to the typed instructions themselves? If these typed instructions had constituted a prohibited substitution, would the majority then say that the words could be disregarded, or would they annul the will in its entirety? These typed instructions, there-;’ *263 fore, must be considered, and were considered, by this court in determining with certainty the testator’s intention as to what disposition he wanted made of his property. The will in its entirety, in my opinion, should fall, for it is not in proper form for an olographic will since the instructions themselves which constitute a part of the will were not written in the will itself, and the will therefore was not wholly written, dated, and signed by the testator.
The holding of the majority opinion does not in any manner carry out the intention of the testator, as it makes the bequest to Father Miller absolute and institutes him as universal legatee, with utter disregard of the disposition to the testator’s brother. The typed instructions make manifestly clear the fact that Father Miller was intended to be a trustee only, and was never intended to become absolute owner of the property.
The cases cited and relied on by the majority opinion have no application to a case such as this where a will refers to typed instructions, for in each of those cases the language interpreted to be a fidei commissum was written in the will itself, and this is not true in the instant case.
For these reasons I am of the opinion that the judgment of the district court should be affirmed.
I respectfully dissent.